### GLENN v. DAY.

A promissory note given to induce a creditor to withdraw objections to a bankrupt's discharge under the act of Congress, is valid in the hands of a *bona fide* holder without notice.

ASSUMPSIT on a promissory note.

In December, 1842, Griggs was an applicant for a discharge

under the bankrupt act, and one of his creditors, named Bend, had filed objections to his discharge. To get rid of the opposition the defendant made three notes in favor of Griggs, who indorsed them to Bend, on receipt of which the latter withdrew his objections. The note in question was one of those above mentioned, and was discounted by the plaintiff before its maturity, and without notice of the circumstances under which it was given.

On the trial the defendant's counsel moved for a nonsuit on the ground that the note, having been made in contravention of the terms and policy of the bankrupt law, was void, and no action could be maintained upon it, which motion was denied and a verdict taken for the plaintiff, subject to the opinion of the court.

*P. W. Thomas*, for plaintiff: —

1. The bankrupt law does not make the note in suit void in the hands of an innocent, *bona fide* holder. The policy of the act sustains the plaintiff's right to recover by analogy to a case under the second section.

2. There is no analogy between this case and those decided under the insolvent laws of New York; first, because in those cases the plaintiff was not a *bona fide* holder; second, because the insolvent law forbids the giving of such a note, like the English statute. (Revised Laws of New York, 1813, chap. xcviii., vol. 1, p. 460, § 3.) But there is no such prohibition in the bankrupt law. (*Payne* v. *Eden*, 3 Caines, 313; *Waite* v. *Sharpe*, 2 John. 386; *Bruce* v. *Lee, etc.*, 4 id. 410; *Jermain* v. *Chatterton*, 9 id. 295; *Wiggin, etc.*, v. *Brush*, 12 id. 306.)

3. Upon elementary principles of commercial law plaintiff may recover. (3 Kent's Com. 79, etc.) A note is only void in the hands of a *bona fide* holder — first, when given for a gambling debt; second, when void for usury or where a statute expressly makes it void.

The note in suit is not within the exceptions. (Chitty on Bills [8th Am. ed.], chap. 8, pages 728 to 733.) Notes of bankrupt, void as to creditor, are good in the hands of

*bona fide* holders. Such is the policy of the English bankrupt laws.

*F. Sayre*, for defendant. The note having been made and used for a purpose contrary to the terms and policy of the bankrupt law, it was void, and no action could be maintained on it. (§ 2 of bankrupt law; *Birch* v. *Jervis*, 3 Car. & Payne, 379; *Wiggin* v. *Bush*, 12 J. R. 306.)

*The Circuit Judge:* The whole of the reasoning of the court in *Wiggin* v. *Bush* (12 J. R. 309), would be applicable to this case, and would show that the note would not be recoverable by the original holder. But the doubt in my mind, throughout, has been whether the note was void *ab initio*, and so not valid even in the hands of a *bona fide* holder for a valuable consideration, without notice.

In *Wiggin* v. *Bush*, the court say that this could not give validity to the note, if void *ab initio*, though that was not made a question in that case.

The bankrupt law does not in express terms make the note void. The policy of the law would doubtless make it so in the hands of the payee, but it is in the hands of a *bona fide* holder for a valuable consideration paid, and before maturity, so that the general rule as to negotiable paper in the hands of a *bona fide* holder comes in and makes this note good in the plaintiff's hands.

Judgment for plaintiff.